IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES NICHOLAS AYERS, THE J. NICHOLAS AYERS 2021 IRREVOCABLE TRUST, AND AYERS FAMILY HOLDINGS, LLC, | § § § § § § § § § § § § § | |
| Appellants, | | |
| v. | | Civil Action No. **3:23-CV-2250-L** |
| TOBY NEUGEBAUER, | | |
| Appellee. | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Appellants James Nicholas Ayers, the J. Nicholas Ayers 2021 Irrevocable Trust, and Ayers Family Holdings, LLC's (collectively, "Appellants") appeal of the bankruptcy court's October 2, 2023 Order Regarding Amended Motion for Entry of an Order: (I) Determining That James Nicholas Ayers, The J. Nicholas Ayers 2021 Irrevocable Trust, and Ayers Family Holdings, LLC Violated The Automatic Stay; (II) Vacating Certain Actions of The Arbitrator; and (III) Awarding Mr. Neugebauer Actual and Punitive Damages Pursuant to 11 U.S.C. § 362(K). After careful consideration of the briefs, the record on appeal, and the applicable law, the court **affirms** the bankruptcy court's October 2, 2023 Order (R. 11-13) and **dismisses with prejudice** this appeal.

**I.    Factual and Procedural Background**

This appeal arises from the bankruptcy court's entry of an order issuing a monetary judgment as damages for attorney's fees and expenses on October 2, 2023, against Appellants, in Case No. 23-30246-MVL-7.

**Memorandum Opinion and Order - Page 1**

On June 24, 2022, With Purpose, Inc., d/b/a GloriFi, Inc. ("With Purpose" or the "Debtor") filed an arbitration proceeding with JAMS (the "Arbitration") against James Nicholas Ayers ("Mr. Ayers"). Doc. 10 at 5. On August 17, 2022, Appellants filed their Original Statement of Claims ("Original Claims"), which brought Appellee Toby Neugebauer ("Appellee" or "Mr. Neugebauer") in as a third-party defendant. *Id.* These claims were in addition to counterclaims against the Debtor. Doc. 5 at 7 (citing R. 396-429). The Original Claims were against Debtor and Appellee jointly and separately. Doc. 10 at 5. The claims against Appellee were "(i) breach of fiduciary duty . . . (ii) fraudulent inducement . . . (v) declaratory judgment against the Debtor and Mr. Neugebauer . . . and attorney's fees against the Debtor and Mr. Neugebauer, and (ix) exemplary damages." *Id.* (citing R. 909-16).

On February 8, 2023, the Debtor filed the Chapter 7 Petition in the bankruptcy court, which stayed Appellants' claims against the Debtor. On February 15, 2023, Appellants' counsel sent a letter to JAMS arbitrator Judge Harlan Martin (the "Arbitrator") notifying him that they received notice that the Debtor filed bankruptcy under Chapter 7. *Id.* at 6. Appellants then served a deposition notice on Appellee, which was to take place on February 27, 2023. *Id.* (citing R. 924-26). Subsequently, on March 2, 2023, the Arbitrator signed an order compelling Appellee to sit for a deposition that was scheduled to take place on March 17, 2023. R. 656-57. Mr. Neugebauer did not attend the scheduled deposition because his counsel informed Appellants' counsel the case was stayed pursuant to Section 362 of the Bankruptcy Code. As a result, Appellants filed a Motion for Sanctions. Doc. 10 at 7-8 (citations omitted).

The Arbitrator held a hearing and issued an order imposing monetary sanctions of $7,984.99 against Appellee and for him to appear for a deposition on May 23, 2023. R. 971-72. In response, Appellee filed an Emergency Motion for Entry of an Order Enforcing the Automatic

**Memorandum Opinion and Order - Page 2**

Stay (the "Emergency Motion"). R. 372. At the hearing, the bankruptcy court stayed Mr. Neugebauer's deposition and ordered the parties to set their motions concerning the stay for a hearing on regular notice. R. 1034.

On June 30, 2023, Appellee filed an Amended Motion for entry of an Order: (I) determining that Appellants violated the Automatic Stay; (II) vacating certain actions of the arbitrator; and (III) awarding Neugebauer actual and punitive damages pursuant to 11 U.S.C. § 362(k) and brief in support thereof (the "Amended Motion"). Doc. 5 at 10 (citing R. 555-71). On September 13, 2023, the bankruptcy court announced its ruling orally on the record, holding that Appellee had standing to bring suit, (2) Appellants' claims against Appellee were property of the bankruptcy estate, and (3) Appellants had notice of the automatic stay, and they violated the automatic stay. *Id.* at 11 (citing R. 1985, 1991). The bankruptcy court awarded actual damages of $103,997.79 to Appellee, but it did not award punitive damages. On October 2, 2023, it entered an order (the "Appealed Order") reflecting the oral rulings it made. R. 2000.

## II.  Standard of Review

In a bankruptcy appeal, the district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003). A bankruptcy court's findings of fact are "clearly erroneous" only if, "on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *In re Duncan*, 562 F.3d 688, 694 (5th Cir. 2009) (quoting *In re Dennis*, 330 F.3d at 701)).

**Memorandum Opinion and Order - Page 3**

### III. Analysis

As an initial matter, the court concludes that Appellants have waived three of its arguments.1 Issues one, two, and three are not briefed at all—or are inadequately briefed—and are therefore considered abandoned by the court. *L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (holding that appellant's argument was "considered abandoned for being inadequately briefed.")). The remaining two issues that are properly before this court involve legal conclusions. Accordingly, the court conducts a *de novo* review of these issues.

On October 2, 2023, Appellants filed the Notice of Appeal. On March 7, 2023, they filed Appellants' Brief (Doc. 5) and designated the following issues for appeal:

(1) whether the bankruptcy court erred in ruling that Appellants willfully violated the automatic stay;

(2) whether the bankruptcy erred in ruling that the Arbitrator's Sanctions Order is void in violation of the automatic stay;

(3) whether the bankruptcy court erred in determining that Mr. Neugebauer (a non-debtor) has standing to (i) pursue claims for alleged violations of the automatic bankruptcy stay against Appellants (also non-debtors), and/or (ii) recover the damages awarded to Mr. Neugebauer in the Appealed Order for alleged stay violations;

---

1 This memorandum opinion and order is limited to the matters and issues appealed *and briefed*. Any issues not addressed and briefed by Appellants in this appeal are **waived**. *See In re Acosta*, 406 F.3d 367, 374-75 (5th Cir. 2005) ("An assertion that a ruling is being appealed, in the absence of any argument in the body of the brief supporting the appeal, does not preserve the issue on appeal."), *overruled on other grounds as recognized by Husky Int'l Elecs., Inc. v. Ritz (In re Ritz)*, 832 F.3d 560, 565 n.3 (5th Cir. 2016); *Bailey v. Shell Western E & P, Inc.*, 609 F.3d 710, 722 (5th Cir. 2010) ("Issues not briefed on appeal are waived."); *In re T-H New Orleans Ltd. P'ship*, 116 F.3d 790, 796 (5th Cir. 1997) (explaining that issues not briefed are waived and will not be considered on appeal). Citations herein to the appellate record in this case are noted as "R. __."

(4) whether the bankruptcy court erred in awarding Mr. Neugebauer monetary damages in relation to the alleged stay violations;

(5) alternatively, whether the bankruptcy court erred in determining the amount of monetary damages to be awarded to Mr. Neugebauer.

Appellee contends that Appellants did not brief issues 1, 2, and 4 and have waived these issues. Doc. 10 at 2. As stated previously, the court agrees.

### A. Standing

Appellants contend that the Appealed Order should be reversed and vacated because Mr. Neugebauer lacks the requisite standing to pursue monetary relief for the alleged automatic stay violations. Appellants argue that Section 362(k)(1) is subject to two limitations: first, that the creditor must allege an injury in his capacity as a creditor, and second, that the creditor must assert a claim for his own injury. Doc. 5 at 15-16 (citations omitted). Further, Appellants argue that Mr. Neugebauer lacks standing to pursue his claims because he is not alleging harm in his capacity as an alleged creditor of Debtor, but he is alleging claims in his personal capacity. Moreover, Appellants argue that the automatic stay is not intended to protect potential defendants, like Mr. Neugebauer, who may happen to be creditors of the estate. *Id.* at 18-19 (citing *In re Ampal-American Israel Corp.*, 502 B.R. 361, 373 (Bankr. S.D. N.Y. 2013) (quotations omitted)). As explained below, the court disagrees.

Mr. Neugebauer contends that he has standing to bring a claim for violations of the automatic stay because the prudential standing argument has been "eradicated by the United States Supreme Court in *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 (2014)." Doc. 10 at 16. He argues that the zone-of-interests test is no longer a component of prudential standing. *Id.* Further, Mr. Neugebauer argues that to establish standing pursuant to

**Memorandum Opinion and Order - Page 5**

Section 362(k), he only needs to meet the constitutional and prudential requirements. *Id.* (citation omitted). Appellee contends that Appellants' argument regarding the zone-of-interest element is no longer a consideration for prudential standing and as a result, he has met all of the constitutional and prudential standing requirements. *Id.* at 20.

Alternatively, Appellee argues that even if the court determines that Appellants properly raise a zone-of-interest challenge, he also meets this requirement. *Id.* Mr. Neugebauer argues that "[a]s the bankruptcy court recognized, because Mr. Neugebauer is a creditor in the underlying bankruptcy, he falls within the zone-of-interests protected by section 362 and can assert a claim as an 'individual' under section 362(k)." *Id.* (citation omitted). Moreover, Appellee argues that, as the record shows, he is a creditor "who filed proofs of claims and his indemnification rights have been asserted throughout the various issues in [the bankruptcy court] proceedings." *Id.* at 22 (citation omitted). Appellee makes two alternative arguments. First, he argues that Appellants' citations are nonbinding. *Id.* (citations omitted). Second, he argues that the bankruptcy court used the power granted to it to issue civil contempt orders pursuant to 11 U.S.C. § 105(a). *Id.* at 25 (citing *Kriet v. Quinn* (*In re Cleveland Imaging & Surgical Hosp., LLC*), 26 F. 4th 285 (5th Cir. 2022)).

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id*. (citations omitted). "The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "The party invoking federal jurisdiction bears the burden of establishing" that he, she, or it has standing. *Lujan v.*

**Memorandum Opinion and Order - Page 6**

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Constitutional standing is assessed at the time a plaintiff commences an action. *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 460 (5th Cir. 2005). To satisfy the "irreducible constitutional minimum" of standing under Article III, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338 (quoting *Lujan*, 504 U.S. at 560).

Statutory standing, also commonly referred to as prudential standing, is similar to constitutional standing and addresses whether a plaintiff is "within the class of plaintiffs whom Congress has authorized to sue" under a statute. *Lexmark Int'l, Inc.*, 572 U.S. at 128. Although often treated as "effectively jurisdictional," statutory standing relates to the merits of a cause of action and not subject matter jurisdiction. *Id*. The Supreme Court has identified three broad principles: "'the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" *Lexmark Int'l, Inc.,* 572 U.S. at 126 (quoting *Elk Grove Unified School Dist. v. Newdow,* 542 U.S. 1, 12 (2004)). "Prudential standing requirements exist in addition to the immutable requirements of Article III as an integral part of judicial self-government." *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009).

Because neither party argues on appeal that Mr. Neugebauer lacks Article III standing, the court **determines** that Article III standing has been satisfied. The court must now determine whether Appellee has met the three prudential concerns. In any event, the court **determines** that Appellee has Article III standing because he is a pre-petition creditor who (1) suffered an actual

**Memorandum Opinion and Order - Page 7**

injury by being monetarily sanctioned by the Arbitrator, (2) the injury is directly traceable to Appellants, and (3) a favorable ruling by this court would redress his injury.

First, it is clear, based on the record and the parties' arguments, that Mr. Neugebauer is asserting his legal rights. Mr. Neugebauer was sanctioned monetarily by the arbitrator in the amount of $7,984.99. This sanction stemmed from the JAMS arbitration, which pertains to the bankruptcy estate. Further, as the bankruptcy court correctly determined, Mr. Neugebauer has indemnification rights, and "the proof of claim asserting these rights has been filed in the main bankruptcy case." R. 1984.

As it relates to the second prudential concern, because "the congressional purposes behind § 362(k) [are] debtor, as well as creditor, protection," Mr. Neugebauer has satisfied the second prudential concern—"'whether the complaint raises abstract questions, or a generalized grievance more properly addressed by the legislative branch.'" *St. Paul Fire & Marine Ins. Co,* 579 F.3d at 544 (quoting *Procter & Gamble Co. v. Amway Corp.,* 242 F.3d 539, 560 (5th Cir. 2001)).

Finally, in this case, the issue is whether Appellee is among the parties the Bankruptcy Code authorizes to enforce the automatic stay or to seek redress for violations of the Bankruptcy Code. Pre-petition creditors may recover damages for willful violations of the automatic stay. *See generally St. Paul Fire & Marine Ins. Co.,* 579 F.3d 533. Based on the facts before the court, it is clear that Appellee is not a debtor, which means the court must determine whether he qualifies as a pre-petition creditor. At the lower court, Mr. Neugebauer filed three proofs of claim: an indemnification claim, a claim based on notes, and a claim based on money loaned to the debtor. R. 1983. Further, the court takes judicial notice that the record from the bankruptcy shows that in addition to filing three proofs, Mr. Neugebauer has attempted to defend and assert his rights. The

**Memorandum Opinion and Order - Page 8**

court finds that Mr. Neugebauer is within the zone of interest protected by Section 362(k). Accordingly, the court **concludes** that Appellee has standing to seek relief pursuant to Section 362(k).

### B. Amount of Damages

Appellants contend that even if a stay violation occurred and Mr. Neugebauer had standing, his alleged damages would not be recoverable for several reasons. Doc. 5 at 32. First, Appellants argue that the vast majority of the fees sought by Appellee relate to issues that would have been addressed regardless of any stay violations. *Id.* at 33. Second, they contend that Mr. Neugebauer is culpable for any fees incurred on an emergency basis. *Id.* Third, Appellants contend that any fees related to the state court lawsuit filed by Appellee "should be recoverable because that lawsuit involved Neugebauer's application to stay the JAMS arbitration." *Id.* at 43. Fourth, Appellants argue that "[s]ome of the time entries in the Jackson Walker invoices include time for work that appears to be completely unrelated to the Ayers Parties, the JAMS arbitration, and/or alleged stay violations." *Id.* at 44 (citation omitted). Finally, they contend that Appellee cannot recover any unreasonable fees that resulted from Mr. Neugebauer using multiple attorneys to handle the same hearings and perform similar tasks. *Id.*

Mr. Neugebauer contends that the bankruptcy court's award should not be reduced because the bankruptcy court analyzed each of his arguments and agreed that the damages he sought should be significantly reduced. Doc. 10 at 47 (citing R. 1993-97). As a result, Appellee argues that the arguments that Appellants are making have already been taken into consideration, and the bankruptcy court's award should be affirmed in its entirety. *Id.* at 47-48.

The court reviews a bankruptcy court's imposition of sanctions and award of attorney's fees for an abuse of discretion. *Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580, 584 (5th Cir. 2008)

**Memorandum Opinion and Order - Page 9**

(citing *Coie v. Sadkin (In re Sadkin)*, 36 F.3d 473, 475 (5th Cir. 1994); *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005)). Section 362(k) provides in relevant part that "an individual injured by any willful violation of [the automatic stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). The issue of whether the violation was willful was waived[2]; accordingly, the court need only consider whether the amount of fees is valid.

Mr. Neugebauer requested the bankruptcy court award actual damages to account for the fees and expenses incurred as a result of Appellants' violation of the automatic stay of no less than $500,000. R. 1992. At the bankruptcy court, Appellee "requested approximately $140,000 in attorneys' fees billed by the Bonds Ellis firm representing 239.6 hours billed from May 16th, 2023 to June 30th, 2023." R. 1993. This "includes an amount estimated at the hearing for July 2023 of 35 to 45 thousand dollars and $126,909 in attorneys' fees billed by the Jackson Walker firm representing 158.5 hours billed from approximately February 22nd through May 31st, 2023." R. 1993-94.

On September 13, 2023, the bankruptcy court conducted a conference and determined the amount of attorney's fees to be awarded to Mr. Neugebauer pursuant to his Amended Motion Regarding Alleged Stay Violations. R. 1997. After reviewing the relevant billing records and receiving testimony from the parties, the bankruptcy court went through a line-by-line analysis and awarded Mr. Neugebauer $103,997.79 in actual damages for attorney's fees and expenses. R.

---

[2] Section 362(k) "does not require a specific intent to violate the automatic stay," only "that the defendant's actions [that] violated the stay were intentional." *Brown v. Chesnut (In re Chesnut),* 422 F.3d 298, 302 (5th Cir. 2005) (citation and internal quotation marks omitted). There are three elements to a claim for violation of the stay: "(1) the defendant must have known of the existence of the stay; (2) the defendant's acts must have been intentional; and (3) these acts must have violated the stay." *Id.* While Appellants waived this argument, as the court explains hereafter, they violated the automatic stay when they pursued claims in the JAMS Arbitration that were the property of the bankruptcy estate.

**Memorandum Opinion and Order - Page 10**

1997. This award included a reduction because the bankruptcy court determined that more than 400 hours of time spent on a stay violation and billing five or more lawyers at hearings were not warranted, and the bankruptcy court could not shift the retention and staffing decisions to Appellants. *Id.*

This court agrees that the fees requested were excessive and finds that the damages for attorney's fees and expenses imposed by the bankruptcy court are reasonable, fully supported by the record, and justified under the circumstances. The bankruptcy court significantly reduced the request for attorney's fees and did not abuse its discretion in doing so. Thus, this court finds no error in the bankruptcy court's determination. The bankruptcy court rejected the request for punitive damages because it found that there was no egregious conduct or a need for a deterrence. R. 1998. Further, the bankruptcy court made it unequivocally clear that Appellants certainly violated the automatic stay, and the fees were awarded as a result of this violation. R. 1999. Moreover, Section 362, in relevant part, states that "an individual injured by any willful violation of [the automatic stay] *shall* recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1) (emphasis added). The court reads the word shall in the statute to be an imperative command, not a permissive suggestion. Because Appellants willfully violated the automatic stay, Appellee *shall* recover actual damages, and as the court stated earlier, the damages awarded by the bankruptcy court are appropriate.

For all of these reasons, the court finds no merit in Appellants' contention that the amount of attorney's fees should be reduced. As previously noted, the bankruptcy court did not abuse its discretion in imposing damages for attorney's fees and expenses against Appellants.

**Memorandum Opinion and Order - Page 11**

Moreover, even if damages were not appropriate pursuant to Section 362(k), Section 105(a) of the Bankruptcy Code permits a bankruptcy court the power to take any action or make any "determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). This power includes the prerogative to issue civil contempt orders. *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997). "'[T]o achieve the orderly and expeditious disposition of their dockets,'" bankruptcy courts also have the inherent power to impose sanctions against a party whose conduct involves bad faith or willful abuse of process. *In re Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) (quoting *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996)); *In re Cleveland Imaging & Surgical Hosp., L.L.C.*, 26 F.4th 285, 292 (5th Cir. 2022). The bankruptcy court made the determination that Appellants did not follow its orders, and to prevent abuse of process in the future, it awarded damages, which is well within its inherent power. *See* 11 U.S.C. § 105(a).

Accordingly, the bankruptcy court's award of damages for attorney's fees and expenses is **affirmed**.

### IV. Conclusion

For the reasons stated, the court **affirms** the bankruptcy court's October 2, 2023 order, and **dismisses with prejudice** this appeal. The clerk of court is **directed** to prepare, sign, and enter judgment in accordance with this Memorandum Opinion and Order pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy Procedure. This case is **remanded** to the bankruptcy court for further proceedings consistent with this Memorandum Opinion and Order.

**It is so ordered** this 28th day of March, 2025.

                                               Sam A. Lindsay
                                               United States District Judge